**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A.C.L. COMPUTERS AND SOFTWARE, INC., | No. 17-15633 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01485-SK |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted June 14, 2018**
San Francisco, California

Before: SILER,*** PAEZ, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

A.C.L. Computers and Software, Inc. (ACL) appeals the district court's order dismissing its complaint against the Defense Logistics Agency (DLA) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). We have jurisdiction under 28 U.S.C. § 1291.

Under California law,[1] the default rule is that "one owes no duty to control the conduct of another, nor to warn those endangered by such conduct." *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1129 (2002) (citation omitted). ACL fails to identify any applicable contractual or common-law duty requiring a business to prevent third-party fraudsters from impersonating the business, or to warn merchants who sell to the business on credit about the risk of such criminal activity. Therefore, the district court did not err in rejecting ACL's negligence claim.

ACL does not plausibly plead a conversion claim based on respondeat superior because there are multiple explanations for the loss of ACL's merchandise that do not involve DLA employees aiding in the theft of shipments, and ACL does not offer facts, such as readily available Federal Express tracking information, "tending to exclude the possibility that [one of] the alternative explanation[s] is

---

[1] ACL bears the burden of demonstrating that the government would be liable under the relevant state's law, *Bolt v. United States*, 509 F.3d 1028, 1031 (9th Cir. 2007), and relies solely on California law.

true." *In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013).

ACL also fails to carry its burden to identify any California law establishing that an involuntary bailment arises by the acceptance of misdelivered goods. *See Bolt v. United States*, 509 F.3d 1028, 1031 (9th Cir. 2007). Even if California law recognized such a claim, ACL does not plausibly plead that DLA employees took possession of the shipments, let alone with notice that they were ACL's property. *See Gordon H. Ball, Inc. v. Parreira*, 214 Cal. App. 2d 697, 702 (1963).

**AFFIRMED.**